William S. ROBINSON, Plaintiff,

v.

C.R. LAURENCE CO., INC., Defendant.

Civ. A. No. 85–K–39.

United States District Court,
D. Colorado,
Civil Division.

April 15, 1985.

Kevin L. Ehrlers, Watrous and Ehlers, Lakewood, Colo., for plaintiff.

David A. Zisser, O'Connor & Hannan, Denver, Colo., for defendant.

### ORDER

KANE, District Judge.

Plaintiff seeks recovery of certain sales commissions allegedly owed to him by defendant. Defendant has moved to dismiss plaintiff's third claim for relief, arguing that under Colorado law a claim for conversion cannot be based upon a mere breach of contract. Defendant also argues that plaintiff's claim for conversion is frivolous and warrants the imposition of fees pursuant to the provisions of Rule 11, Fed.R. Civ.P.

Plaintiff agrees to the dismissal of his third claim for relief based upon conversion. Plaintiff, however, argues that the conversion claim was not interposed for an improper purpose. Thus, an award of attorney fees is not warranted.

 A defendant is not entitled to attorney fees as an automatic consequence of success on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), Fed.R.Civ.P. To recover fees based upon the provisions of Rule 11, as amended in 1983, a party need show that his opponent's actions were unfounded in light of the law as it might develop and in light of supporting facts which might be established. The provisions adopted in the amendments borrow from pre-1983 standards. The question raised by the Rule, before and after amendment, is whether the attorney acted reasonably. *See* Notes of Advisory Committee on Rules; *Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir.1980). Unless there is " 'clear evidence' that the claims are 'entirely without color and made for reasons of harrassment or delay or for other improper purposes,' " attorney fees should be denied. *Id.* (quoting *Browning Debenture Holders' Committee v. DASA Corp.*, 560 F.2d 1078, 1088 (2d Cir.1966).

Before the 1983 amendments attorneys were held to rather lax standards. One District Court suggested that, "[i]nartful pleading and ignorance of legal requirements do not amount to the intentional abuse of judicial process that is the target of protective awards of attorneys' fees." *Gianna Enterprises v. Miss World (Jersey) Ltd.*, 551 F.Supp. 1348, 1360 (S.D.N.Y. 1982). The 1983 amendments to Rule 11, however, more clearly provide for awards of expenses, including attorney fees. The amendments were designed so as more forcefully to "discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." Notes of the Advisory Committee on Rules. Rule 11, as amended, seeks to focus greater attention on pleading and motion abuses. The Rule now places an affirmative duty on attorneys to insure that pleadings are reasonable in light of the facts and the law. Ignorance of the law will not be tolerated and frivolous actions will give rise to awards of fees.

While defendant has demonstrated that plaintiff's claim of conversion was ultimately without merit, defendant has not shown that the claim was frivolous when filed. Given the occasional blur between concepts of conversion and debt plaintiff's claim is not so meritless as to give rise to an award of fees. Moreover, plaintiff's willingness to confess judgment to the motion to dismiss adds further support to his claim that he did not act vexatiously or in bad faith.

Accordingly, defendant's motion to dismiss the third claim of the complaint is granted. Each party shall be responsible for their own costs.